

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL,
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 23, 1976

The Honorable Bob Armstrong
Commissioner
General Land Office
Austin, Texas 78701

Opinion No. H-881

Re: Constitutionality of
statute granting to City
of Corpus Christi condi-
tional title in submerged
land previously set aside
for school fund.

Dear Commissioner Armstrong:

In 1971 the Texas Legislature enacted an uncodified law granting the City of Corpus Christi submerged lands in Corpus Christi Bay to use as a public beach without compensating the permanent school fund. You have asked whether the statute attempts an unconstitutional grant of school lands.

Because it is not found in the codified compilation of Texas statutes, the pertinent parts of the rather lengthy 1971 provision are set out below:

> Section 1. The City of Corpus Christi,
> Texas, a home rule city, desires to restore
> and maintain a recreation beach, commonly
> known as Corpus Christi Beach, and intends
> to accomplish this purpose acting in con-
> junction with the United States Corps of
> Engineers, and other agents and contractors,
> and as a result of a survey and report made
> by the United States Corps of Engineers,
> such restoration has been found and deemed
> to be feasible, and the project has received
> Congressional authorization.

Sec. 2.   In furtherance and in aid of the above objective there is hereby granted to the City of Corpus Christi, the United States Corps of Engineers, their respective agents and contractors, a construction easement, on the lands described in Section 3 of this Act, for the purpose of allowing such city, the Corps of Engineers, their agents and contractors to conduct dredging, filling, excavation, and all necessary operations, without payment to the State for any fill material of any kind or character removed from the borrow areas described in Section 3, in furtherance of the purpose stated in Section 1, on the lands described hereinafter in Section 3, which lands are owned by the State of Texas or in which the State has title or interest.   There is expressly excluded from the provisions hereof any vested private property rights.

Sec. 3.   The lands to which this construction easement is granted shall be described as follows:

TRACT 1

[Description]

TRACT 2 - Proposed Borrow Area

[Description]

TRACT 3 - Alternate Borrow Area

[Description]

Sec. 4.   Insofar as the State of Texas has jurisdiction and authority over the waters which all or any part of the land described in Section 3 underlies, grant is hereby made to the City of Corpus Christi, and the United States Corps of Engineers, or their contractors and agents to conduct all operation necessary in furtherance of the aforesaid objective in, through and upon said waters.

Sec. 5.   The grant of authority herein shall
extend to contracts let in furtherance of the
objective stated herein whether let jointly
by the City of Corpus Christi and the United
States Corps of Engineers, or by either of
them acting alone.

Sec. 6.   Upon completion and acceptance
of the project by the U.S. Corps of Engineers
and the City of Corpus Christi title and
interest of the State of Texas in and to
those lands described under Tract I of
this Act shall vest in the City of Corpus
Christi so long as said land is used for
a public beach.   The State of Texas shall
retain all mineral interests in said land,
subject to oil and gas directional drilling
only and off-site mining of other minerals.

Sec. 7.   All laws or parts of laws in
conflict herewith are hereby repealed to
the extent of such conflict.

Sec. 8.   If any word, phrase, clause,
sentence or part of this Act shall be held
by any court of competent jurisdiction to be
invalid or unconstitutional, or for any other
reasons void or unconstitutional, it shall
not affect any other word, phrase, clause,
sentence or part of this Act, and such
remaining portions shall remain in full force
and effect.   Acts 1971, 62nd Leg., ch. 883 at
2708.   (Emphasis added).

Section 6 grants Corpus Christi a fee simple determinable
in Tract 1, an estate that will last as long as the land is
used for a public beach.  See Eyssen v. Zeppa, 100 S.W.2d
417 (Tex. Civ. App. -- Texarkana 1936, writ ref'd); 22 Tex.
Jur.2d, Estates § 7; Restatement of Property §§ 23, 44.

Section 2 grants Corpus Christi, the United States Corps of Engineers, and their agents and contractors, a construction easement, which permits them to excavate and remove fill materials from the borrow area in Tract 2 or 3.   The Act does not provide for compensating the public school fund for the grant of Tract 1, the removal of materials from the borrow area, or any other use of the property encompassed in the construction easement.

We will first consider the grant of Tract 1 to Corpus Christi, the validity of which turns on whether the land has been dedicated to the permanent school fund.   Article 7, section 2 of the Texas Constitution determines the components of the permanent school fund.

> All funds, lands and other property heretofore set apart and appropriated for the support of the public schools; all the alternate sections of land reserved by the State out of grants heretofore made or that may hereafter be made to railroads or other corporations of any nature whatsoever; one half of the public domain of the State; and all sums of money that may come to the State from the sale of any portion of same . . . .   (Emphasis added).

Article 7, section 4 requires that these lands be sold.

> The lands herein set apart to the Public Free School fund shall be sold under such regulations, at such times, and on such terms as may be prescribed by law . . . .

This provision prevents the Legislature from giving the land away, although it might postpone sale and instead lease the land.   Wheeler v. Stanolind Oil & Gas Co., 252 S.W.2d 149, 152 (Tex. Sup. 1952); Reed v. Rogan, 59 S.W. 255 (Tex. Sup. 1900).

Article 7, section 5 governs the disposition of proceeds from the sale of school lands.

> The principal of all bonds and other funds, and the principal arising from the sale of the lands hereinbefore set apart to said school fund, shall be the permanent school

> fund . . . . And no law shall ever be
> enacted appropriating any part of the
> permanent . . . school fund to any other
> purpose whatever . . . . (Emphasis added).

These constitutional provisions render the Legislature powerless to make a free grant of school lands. Moreover, once the Legislature has dedicated land to the permanent school fund, it may not withdraw it. The Texas Supreme Court in Hogue v. Baker, 45 S.W. 1004, 1005 (Tex. Sup. 1898), stated that article 7, section 2, "fixed the right of the school fund in one-half of the unappropriated public domain, but left the legislature . . . with extended authority over the segregation of that interest . . . ." The Court went on to say that "where the legislature has taken affirmative action, and has provided pro tanto for the segregation of the interest of the school fund, its action is final . . . ." Id. at 1006. It was held in Eyl v. State, 84 S.W. 607, 611 (Tex. Civ. App. 1904, writ ref'd), that once it appropriated lands to the school fund, "the Legislature could not by subsequent legislation change or destroy the character of these lands as public school lands . . . ." In 1900 the Settlement Act settled permanently the division of much of the public domain but excluded lakes, bays, and islands on the Gulf of Mexico within tide water limits. Acts 1900, 26th Leg., 1st C. S., ch. 11 at 29. When the Legislature subsequently placed lands excluded by the Settlement Act in the public school fund, its decision was also final as to them. Attorney General Opinion M-356 (1969).

In 1941 the Legislature enacted article 5415a, V.T.C.S. The pertinent portion of that statute reads as follows:

> Sec. 3. The State of Texas owns, in
> full and complete ownership, the waters
> of the Gulf of Mexico and of the arms of
> the said Gulf, and the beds and shores of
> the Gulf of Mexico, and the arms of the
> Gulf of Mexico, including all lands that
> are covered by the waters of the said
> Gulf and its arms, either at low tide or
> high tide, within the boundaries of Texas,
> as herein fixed; and that all of said
> lands are set apart and granted to the

> Permanent Public Free School Fund of the
> State, and shall be held for the benefit
> of the Public Free School Fund of this
> State according to the provisions of law
> governing the same. (Emphasis added).

Grants of lands under navigable waters are strictly construed against the grantee, and any ambiguity will be resolved in favor of the State. State v. Bradford, 50 S.W.2d 1065, 1075 (Tex. Sup. 1932). The Supreme Court has said that "before a statute will be construed to include land under navigable waters, such as river beds and channels, it will have to be expressed in plain and positive language and not in general language." Id. We believe that the underlined language of article 5415a expressly and unambiguously grants tidelands and submerged lands to the public school fund. Moreover, it has been construed to have made this grant. Butler v. Sadler, 399 S.W.2d 411, 419 (Tex. Civ. App. -- Corpus Christi 1966, writ ref'd n.r.e.); Attorney General Opinion M-356 (1969). In view of the clear language dedicating submerged lands to the permanent school fund and the inability of the Legislature to revoke its grant, we conclude that the Legislature could not constitutionally grant Tract 1 to Corpus Christi without requiring compensation to the permanent school fund.

Section 2 of the 1971 Act grants a construction easement over all three tracts in furtherance of the Corpus Christi Beach restoration project. We believe that the grant of this easement was inextricably intertwined with the grant of the restored beach to Corpus Christi. The invalidation of section 6 impairs the purpose underlying section 2 so that the latter provision cannot stand alone.

Although the Act contains a saving clause, it has no meaning when sections 2 and 6 are removed. Therefore, we believe that the 1971 Act is unconstitutional in that it violates article 7, sections 2, 4 and 5 of the Texas Constitution.

S U M M A R Y

An Act granting the City of Corpus Christi submerged lands without compensation to the Public Free School Fund is unconstitutional in that it violates article 7, sections 2, 4 and 5 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb